**Marcell Darnell DAVIS, Petitioner–Appellant,**

v.

**James E. HALL, Warden, Respondent–Appellee.**

No. 04–56642.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Filed June 26, 2006.

Marcell Darnell Davis, Blythe, CA, pro se.

Walter K. Pyle, Esq., Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Petitioner–Appellant.

Jeffrey J. Koch, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, FRIEDMAN * and LEAVY, Circuit Judges.

MEMORANDUM **

Marcell Darnell Davis appeals the district court's denial of his petition for habeas corpus that challenged his state conviction for armed robbery. We affirm because Davis' 6th Amendment confronta-

---

\* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion rights were not violated by the admission of the redacted confession of his codefendant Henry Puckett.

Puckett's confession, unlike the confessions in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and *Gray v. Maryland,* 523 U.S. 185, 192, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), made no explicit reference to Davis. *Compare Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.") Davis argues that the confession still violated his 6th Amendment rights because Puckett's claim that he "did not bring the gun that he used from Phoenix" implicitly referenced Davis.

We disagree. For a statement to violate a defendant's *Bruton* rights, it must "facially, expressly, clearly, or powerfully implicate[ ] the defendant." *United States v. Angwin,* 271 F.3d 786, 796 (9th Cir.2001). Here, the statement only implicated Davis through the testimony of a third person, Mark Oslund. Oslund testified that Davis and Puckett knew each other from Phoenix, and that the third codefendant, Tyrone Pinkney, was unlikely to have brought two of the guns involved in the case (including Puckett's gun) from Phoenix to California. Even in the light of Osland's testimony, Puckett's statement implicated Davis only in a roundabout and circumstantial way. We cannot say Puckett's confession "facially, expressly, clearly, or powerfully implicate[d]" Davis. *Id.* Therefore the California court's decision to reject this claim when it denied Davis' petition for review was not "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

AFFIRMED.